UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ADVANCED MEMORY TECHNOLOGIES, LLC,

Plaintiff,

v.

MICRON TECHNOLOGY, INC.,

Defendant.

Case No. 1:26-cv-00420-BLW

**MEMORANDUM DECISION AND ORDER**

**INTRODUCTION**

Before the Court is Defendant Micron Technology, Inc.'s Motion to Stay Proceedings Pending *Ex Parte* Reexamination (Dkt. 113). Plaintiff Advanced Memory Technologies, LLC (AMT) does not oppose. *See Notice Non-Opp'n*, Dkt. 116. For the reasons explained below, the Court will grant the motion.

**BACKGROUND**

AMT brought this patent infringement action in the Western District of Texas, alleging that Micron manufactures and sells NAND flash memory and dynamic random access memory (DRAM) modules that infringe AMT's asserted patents. *Am. Compl.*, Dkt. 33, at 5. In July 2026, the Western District of Texas transferred the case to this District. *See Order Granting Transfer*, Dkt. 92.

Micron now asks the Court to stay proceedings because the United States Patent and Trademark Office (PTO) has ordered *ex parte* reexaminations of every patent at issue in the case. *Mot.*, Dkt. 113, at 2.

**DISCUSSION**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). Generally, courts have a "liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination or re-issuance of patents," especially in cases that are still in the initial stages of litigation and where there has been little or no discovery. *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (citation omitted).

In determining whether to stay a case pending re-examination, this Court has considered the following factors: (1) whether a stay would simplify the claims and issues; (2) whether discovery is completed and whether a trial date is set; and (3) whether a stay would unduly prejudice or create a tactical advantage for the non-moving party. *Fleming v. Cobra Elecs. Corp.*, 2013 WL 1760273, at *1 (D. Idaho 2013).

Here, every factor weighs in favor of a stay. First, the reexamination proceedings pending before the PTO are likely to simplify the claims and issues in

the case. Second, discovery is not complete, and no trial date has been set in this District. Finally, a stay will not unduly prejudice AMT or present a clear tactical disadvantage to it. *See Notice Non-Opp'n*, Dkt. 116. The Court therefore finds that a stay is warranted.

**ORDER**

**IT IS ORDERED that**:

1. The Motion to Stay is **GRANTED**.

2. All proceedings in this action are **STAYED** through the completion of the examination phase of the ordered *ex parte* reexaminations of the asserted patents—that is, until issuance of a notice of intent to issue a reexamination certificate or other final examiner action in each proceeding—and any reexamination ordered on Micron's pending requests. Within fourteen (14) days after the close of the examination phase, the parties shall file a joint status report addressing the resulting claims, the status of any pending requests, and their positions on a schedule and any further stay.

3. All pending deadlines are **VACATED**. Within fourteen (14) days of the conclusion of the stay, the parties shall confer and file a joint proposed scheduling order.

4. The parties shall file a joint status report every ninety (90) days from the date of this Order advising the Court of the status of the reexamination proceedings. In addition, the parties shall notify the Court within fourteen (14) days of any material development in those proceedings, including the issuance of any Office action, notice of intent to issue a reexamination certificate, reexamination certificate, or decision on appeal.

5. Micron is bound by its Amended Stipulation Regarding *Ex Parte* Reexaminations (Dkt. 116-1). For any claim asserted in this action that emerges from a Micron-requested or SK hynix-requested *ex parte* reexamination without amendment, Micron shall not assert in this action the identical ground of invalidity, based on the same patent or printed publication, that Micron or SK hynix raised in that reexamination and that the PTO finally resolved adversely to Micron or SK hynix after exhaustion of any appeals. In addition, for any primary prior art reference that Micron or SK hynix raised for a ground in a Micron-requested *ex parte* reexamination or SK hynix-requested reexamination that was finally rejected, Micron will not assert that prior art reference as a primary reference in this action. Micron, however, reserves the right to use the primary reference in this action for other

purposes such as a secondary reference under 35 U.S.C. § 103, the background of the technology, the state of the art, motivation to combine, damages, and claim construction. The stipulation is subject to additional exclusions stated in that stipulation.

6. Notwithstanding the stay, either party may apply to the Court for leave to conduct narrowly tailored discovery for the preservation of evidence or testimony upon a showing of good cause.

7. Either party may move to lift or modify this stay upon a material change in circumstances.

DATED: October 7, 2026

B. Lynn Winmill
U.S. District Court Judge